UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

    *Plaintiff*,

v.

DANIEL BARDEN,

    *Defendant*,

and

CHEMICAL BANK,

    *Garnishee Defendant*.
_____/

CASE NO. 91-10437

DISTRICT JUDGE ROBERT H. CLELAND
MAGISTRATE JUDGE CHARLES E. BINDER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S OBJECTION TO GARNISHMENT

**I.  RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Objection to Garnishment (Doc. 31) be **SET ASIDE**.

**II.  REPORT**

Defendant Daniel Barden's Objection to Garnishment was referred by U.S. District Judge Robert H. Cleland to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. 636(B)(1)(b). (Doc. 32.)

On February 8, 2011, the undersigned ordered Defendant Daniel Barden to submit documentation supporting his objection to the requested garnishment and substantiating his assertion that he qualifies for total and permanent disability. (Doc. 47.) Defendant Barden was

given until March 11, 2011, to complete an application, which he was to forward to counsel for Plaintiff, along with medical records. Counsel for Plaintiff reports that, as of this date, neither the application nor any supporting documentation has been received. In the order, Defendant was specifically warned that failure to comply would result in a recommendation that his earlier objections be set aside. I therefore suggest that is it now appropriate to set aside Defendant's Objection to Garnishment.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                       s/ Charles E. Binder
                                       CHARLES E. BINDER
Dated: March 18, 2011                United States Magistrate Judge

## CERTIFICATION

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Tamara Pearson, served by first class mail on at 8527 E. Baseline Rd., Mt. Pleasant, MI, 48858-9490; and served on Judge Cleland in the traditional manner.

Date:  March 18, 2011             By    s/ *Jean L. Broucek*
                                             Case Manager to Magistrate Judge Binder